## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 0:13-CV-61676-WPD

SHADRACH LEWIS,

     Plaintiff,

v.

MARINOSCI LAW GROUP, P.C.,

     Defendant.

_____/

### RESPONSE AND MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT

COMES NOW, Plaintiff, SHADRACH LEWIS, by and through his undersigned counsel and pursuant to the Federal Rules of Civil Procedure, Plaintiff files this Response and Memorandum of Law in Opposition to Defendant MARINOSCI LAW GROUP, P.C.'s Motion to Dismiss Complaint and further states as follows:

### INTRODUCTION

Plaintiff's Complaint states a cause of action based on 15 U.S.C. § 1692e of the Fair Debt Collection Practices Act (FDCPA). Plaintiff alleges that Defendant attempted to deceive Plaintiff by the unnecessary inclusion of the disclosures described in § 1692g. Defendant concedes that "[a] legal action, its pleadings and related papers do not constitute "communications" under the FDCPA". (Motion to Dismiss Complaint at ¶ 14). Yet Defendant served on Plaintiff a complaint for foreclosure and money damages that included disclosures which the FDCPA mandates only after initial communication from a debt collector. The effect of this disclosure, which is discussed in greater detail below, is to encourage Plaintiff to incur default or enter an unintended answer in the foreclosure action. This tactic is deceptive in violation of the FDCPA, and entitles

Plaintiff to the relief sought. For the reasons stated herein, Plaintiff has established a *prima facie* violation of the FDCPA and Defendant's motion to dismiss should accordingly be denied.

## STANDARD OF REVIEW

A complaint should not be dismissed under Rule 12(b)(6), Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted "unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 102 (1957). Further, the court's consideration is limited to the assertions made within the four corners of the complaint, to documents attached to the complaint as exhibits, references to matters for which judicial notice may be taken, and to documents either in the plaintiff's possession or of which plaintiff had knowledge and relied on in bringing the suit. *Brass v. American Film Tech., Inc.,* 987 F.2d 142, 150 (2d Cir. 1993). "In short, the function of a motion to dismiss is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which may be offered in support thereof." *Amalgamated Bank of New York v. Marsh,* 823 F.Supp. 209, 215 (S.D. N.Y.1993).

## MEMORANDUM OF LAW

**A.      Plaintiff has pleaded a *prima facie* violation of the FDCPA.**

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, Plaintiff's Complaint need only contain a "short and plain statement of the claim showing that [they are] entitled to relief." While *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) did much to clarify the standard of review applicable to motions under Rule 12(b)(6), they did not radically alter federal pleading standards under Rule 8. Under *Twombly*, a complaint will not be dismissed under Rule 12(b)(6) if two minimum hurdles are cleared: (1) the Complaint must describe the claim in sufficient detail to give the Defendant fair notice of what

the claim is and the grounds upon which it rests; and (2) the Complaint's allegations must plausibly suggest that the Plaintiff has a right to relief, raising the possibility above a level of speculation. *Twombly*, 550 U.S. at 544-55. This is consistent with the requirements of Rule 8(a)(2), which requires that a complaint "provide a 'short and plain statement of the claim showing that [he] is entitled to relief.'  This is not an onerous burden. 'Specific facts are not necessary; the statement need only give the defendant[s] fair notice of what  . . . the claim is and the grounds upon which it rests.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1122 (9th Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89 (2007)); *see also Coupons, Inc. v. Stottlemire*, 588 F. Supp. 2d 1069, 1073 (N.D. Cal. 2008) (citing *Twombly*, 550 U.S. 544) ("'heightened fact pleading of specifics' is not required to survive a motion to dismiss."). What's more, "[t]he defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

In order to establish a prima facie case against a party for violations of the FDCPA, Plaintiff must demonstrate: (1) she has been the object of collection activity arising from a consumer debt; (2) the defendant is a debt collector under the FDCPA; and (3) the defendant engaged in an act or omission prohibited by the FDCPA. *Sanz v. Fernandez*, 633 F.Supp.2d 1356, 1359 (S.D. Fla. 2009).  In determining whether a debt collection practice is deceptive or misleading, the practice must be viewed objectively from the standpoint of the "least sophisticated consumer." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1193-1194 (11th Cir. 2010).  So long as a transaction creates an obligation to pay, a debt is created for purposes of the FDCPA. *Brown v. Budget Rent-A-Car Sys., Inc.,* 119 F.3d 922, 924 (11th Cir.1997). Despite Defendant's protestations to the contrary, attorneys and law firms may be considered "debt collectors" as that term is defined by the FDCPA.  *Heintz v. Jenkins*, 514 U.S. 291 (1995). In the instant matter, the following facts have been alleged: (1) the debt at issue was incurred for personal, family, or household purposes [DE-1 at ¶9]; (2) Defendant filed a lawsuit attempting to collect an arrearage with respect to Plaintiff's residential mortgage [*Id.* at ¶¶9-11]; and (3) Defendant has made false and/or deceptive allegations in the aforesaid complaint in violation of

§1692e of the FDCPA [*Id.* at ¶¶16-18]. In sum, Plaintiff has established her prima facie burden for establishing a violation of the FDCPA.

**B.      The Supreme Court has held that attorneys may be debt collectors; similarly, the Eleventh Circuit has held that foreclosure qualifies as debt collection.**

In *Heintz v. Jenkins,* the United States Supreme Court held that an attorney "who 'regularly' engage[s] in consumer-debt-collection activity, even when that activity consists of litigation" may be deemed a debt collector under the FDCPA. *Heintz,* 514 U.S. 291, 299, 115 S.Ct. 1489, 131 L.Ed.2d 395 (1995); *id.* at 294 ("In ordinary English, a lawyer who regularly tries to obtain payment of consumer debts through legal proceedings is a lawyer who regularly 'attempts' to 'collect' those consumer debts." (citation omitted)); *see also, Kaltenbach v. Richards,* 464 F.3d 524, 527 n. 3 (5th Cir. 2006) (stating that *Heintz* stands for the proposition that lawyers are not exempt from the FDCPA if they otherwise qualify as debt collectors based on the general statutory definition of a debt collector).

In similar fashion, the Eleventh Circuit, in rejecting a law firm defendant's argument that it was not engaged in debt collection explained:

> The rule the Ellis law firm asks us to adopt would exempt from the provisions of § 1692e any communication that attempts to enforce a security interest regardless of whether it also attempts to collect the underlying debt. That rule would create a loophole in the FDCPA. A big one. In every case involving a secured debt, the proposed rule would allow the party demanding payment on the underlying debt to dodge the dictates of § 1692e by giving notice of foreclosure on the secured interest. The practical result would be that the Act would apply only to efforts to collect unsecured debts. So long as a debt was secured, a lender (or its law firm) could harass or mislead a debtor without violating the FDCPA. That can't be right. It isn't. A communication related to debt collection does not become unrelated to debt collection simply because it also relates to the enforcement of a security interest. A debt is still a "debt" even if it is secured.

*Reese v. Ellis, Painter, Ratterree & Adams, LLP,* 678 F.3d 1211, 1217–18 (11th Cir. 2012)

(internal citations omitted).

Furthermore, in the words of one law dictionary: "To collect a debt or claim is to obtain payment or liquidation of it, either by personal solicitation or legal proceedings." *Black's Law Dictionary* 263 (6th ed. 1990). Thus, if a purpose of an activity taken in relation to a debt is to "obtain payment" of the debt, the activity is properly considered debt collection. Nothing in this approach prevents mortgage foreclosure activity from constituting debt collection under the Act. *See Shapiro & Meinhold v. Zartman,* 823 P.2d 120, 124 (Colo.1992) (explaining that "foreclosure is a method of collecting a debt by acquiring and selling secured property to satisfy a debt"). In fact, *every* mortgage foreclosure, judicial or otherwise, is undertaken for the very purpose of obtaining payment on the underlying debt, either by persuasion (*i.e.,* forcing a settlement) or compulsion (*i.e.,* obtaining a judgment of foreclosure, selling the home at auction, and applying the proceeds from the sale to pay down the outstanding debt). As one commentator has observed, the existence of redemption rights and the potential for deficiency judgments demonstrate that the purpose of foreclosure is to obtain payment on the underlying home loan. Such remedies would not exist if foreclosure were not undertaken for the purpose of obtaining payment. *See* Eric M. Marshall, Note, *The Protective Scope of the Fair Debt Collection Practices Act: Providing Mortgagors the Protection They Deserve From Abusive Foreclosure Practices,* 94 Minn. L.Rev. 1269, 1297–98 (2010). The complaint before this Court unequivocally alleges that Defendant "served upon Plaintiff a complaint seeking to collect an alleged debt," specifically, seeking to collect an "amount due on a promissory note allegedly signed by Plaintiff." [DE-1 at ¶¶10-11]. Consequently, Defendant's argument that the foreclosure action filed against Plaintiff is somehow exempt from the FDCPA is without legal merit.

**C.     The instant lawsuit has nothing to do with an "initial communication" as Plaintiff has not even alleged a violation of §1692g.**

Defendant's argument that the state court lawsuit is exempt from the provisions of §1692g is a nonstarter – **the present matter is not even predicated upon a violation of §1692g but instead §1692e**. Plaintiff does not contest the litany of case law cited by Defendant – they are simply irrelevant to the legal issues before this Honorable Court. Plaintiff is fully aware that "[a] communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of [15 U.S.C. § 1692g(a)]." 15 U.S.C. § 1692g(d); *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA,* 130 S.Ct. 1605,1624 n. 22, 176 L.Ed.2d 519 (2010). Even prior to the 2006 amendment of the FDCPA, the Eleventh Circuit held that the filing of a legal action does not constitute an initial communication in connection with the collection of a debt for purposes of 15 U.S.C. § 1692g(a), which sets forth specific obligations of the debt collector when he sends an initial communication. *Vega v. McKay,* 351 F.3d 1334, 1337 (11th Cir. 2003) (per curiam). However, **the Eleventh Circuit's discussion was limited to whether an attorney's filing of a complaint package constituted an initial communication for purposes of 15 U.S.C. § 1692g(a) – and nothing else**. To construe *Vega's* holding beyond that would otherwise render *Heintz* meaningless. *See, e.g., McKnight v. Benitez,* 176 F.Supp.2d 1301, 1308–1309 (M.D.Fla. 2001) (denying a motion to dismiss when attorney allegedly violated §1692i, the venue provision of the FDCPA); *Lox v. CDA, Ltd*., 689 F. 3d 818 (7th Cir. 2012) (holding that false and misleading statements about entitlement to attorney's fees violate § 1692e); and *Kimber v. Federal Financial Corp*., 668 F. Supp. 1480 (M.D. Ala. 1987) (violation of § 1692e can arise from representation that Plaintiff could recover in a lawsuit, when in fact it cannot *properly* do so. However, **Plaintiff has not alleged any violation of §1692g in the present matter**; hence, Defendant's entire briefing with respect to §1692g completely misses the mark. More importantly, the Eleventh Circuit has noted that the §1692e of the FDCPA "prohibits

a "debt collector" from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." *Jeter v. Credit Bureau, Inc.*, 760 F. 2d 1168 (11th Cir. 1985). "The use of 'or' in §1692e means that, to violate the FDCPA, a representation by a 'debt collector' must merely be false, or deceptive, or misleading. A false representation in connection with the collection of a debt is sufficient to violate the FDCPA facially, even where no misleading or deception is claimed." *Bourff v. Rubin Lublin, LLC*, 674 F. 3d 1238, 1241 (11th Cir. 2012).

**D.     In the entire history of federal jurisprudence, no case has ever held that there exists a litigation privilege arising under Florida law with respect to an alleged violation of the FDCPA.**

Defendant's argument that its unlawful misrepresentations were exempted under any sort of litigation privilege warrants little comment. While the Florida Supreme Court has extended litigation immunity privilege to all tortious causes of action and statutory causes of action, *Echevarria, McCalla, Raymer, Barrett & Frapper v. Cole*, 950 So.2d 380, 384 (Fla. 2007) (involving only state law causes of action), Florida's absolute litigation privilege is limited to state causes of action and is inapplicable to federal causes of action, *see Pescatrice v. Robert J. Orovitz, P.A.*, 539 F.Supp.2d 1375, 1380 n. 4 (S.D.Fla. 2008) (stating that the privilege applies only to state court claims and not the FDCPA); *see also Allen v. LaSalle Bank, N.A.*, 629 F.3d 364, 369 (3d Cir. 2011) ("[T]he FDCPA does not contain an exemption from liability for common law privileges."); *Sayyed v. Wolpoff & Abramson*, 485 F.3d 226, 229–230 (4th Cir. 2007) (same); *Hartman v. Great Seneca Fin. Corp.*, 569 F.3d 606, 616 (6th Cir. 2009) (finding that the First Amendment does not shield attorneys engaged in litigation from liability under the FDCPA); *Gallagher v. Gurstel, Staloch & Chargo, P.A.*, 645 F.Supp.2d 795, 805 (D.Minn. 2009) (noting that many courts have recognized that "permitting common law immunity to

defeat an FDCPA claim is inconsistent with *Heintz,* which held that Congress intended to regulate lawyers' debt-collection activities even when those activities relate to litigation" and that FDCPA already provides protection through its bona fide error defense). In sum, Defendant's argument is not supported by any case law and is completely devoid of legal merit.

**E.    Plaintiff's reaction is immaterial, any alleged violation of §1692e is evaluated under the "least sophisticated consumer" standard.**

The U.S. Court of Appeals for the Eleventh Circuit has established the standard by which violations of the FDCPA are analyzed, i.e., whether the communication by the debt collector would mislead the "least sophisticated consumer." *Jeter v. Credit Bureau,* 760 F.2d 1168, 1172-78 (11th Cir. 1985). "Additionally, **the Court need not determine whether the named plaintiff or other putative plaintiffs read or were confused by the notice**, as the standard is whether the 'least sophisticated consumer' would have been misled." *Swanson v. Mid Am, Inc.,* 186 F.R.D. 665, 667 (M.D. Fla. 1999) (emphasis added). Other courts have followed the Eleventh Circuit's lead. "The basic purpose of the least-sophisticated-consumer standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Clomon v. Jackson,* 988 F.2d 1314, 1318 (2d Cir. 1993); *see also, Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232, 1236 (5th Cir. 1997); *U.S. v. National Financial Services, Inc.*, 98 F.3d 131, 136 (4th Cir. 1996); *Russell v. Equifax A.R.S.*, 74 F.3d 30 (2d Cir. 1996); *Bentley v. Great Lakes Collection Bureau,* 6 F.3d 60 (2d Cir. 1993); *Graziano v. Harrison*, 950 F.2d 107, 111 (3d Cir. 1991); and *Swanson v. Southern Oregon Credit Service, Inc.*, 869 F.2d 1222, 1225-26 (9th Cir. 1988).

In the matter pending before this Honorable Court, Defendant has attached to the foreclosure with money damages lawsuit what is commonly referred to as a "g notice" – i.e. a purported notice of Plaintiff's federal rights as a consumer in accordance with 15 U.S.C. §

1692g. The attachment is titled "***Notice Required by Fair Debt Collection Practices Act***" and reads: ***This Notice is required by the Fair Debt Collection Practices Act (the "Act"), 15 U.S.C. § §1692 et seq., as amended.*** [DE-1 at ¶13]. This statement is demonstrably false and in accordance with the holding in *Bourff*, Plaintiff should prevail on this fact alone, but the statement is also deceptive as well. The obvious question arises: why would Defendant include a purported "g notice" in their complaint when section 1692g specifically states: [a] communication in the form of a formal pleading in a civil action shall not be treated as an initial communication… 15 U.S.C. §1692g(d)? There are a limited number of possible answers. One possibility is that it is the intent of Defendant to mislead consumers into doing *something* in response to the alleged federal notice, such as filing a simplified dispute of the debt with the Court (e.g. "I dispute the debt."). These disputes are then deemed an answer and therefore subject to a summary judgment motion by the debt collector. Plaintiff maintains that many consumers do precisely that and only later file their intended answer which contains various affirmative defenses. However, the least sophisticated consumer is often unaware that it is their "dispute" and not their intended answer which is docketed by the Court as a formal answer to the foreclosure lawsuit. There are other consequences as well. Once a consumer has filed an unintended "answer" to the foreclosure lawsuit, they have waived many of their legal rights, including but not limited to: (1) the right to contest service of process; (2) the right to seek a more definite statement; and (3) the right to file a motion to dismiss. The so-called "g notice" incorporated into a foreclosure lawsuit can only serve to confuse the consumer and advantage both the creditor and debt collector.

Another possibility is that Defendant has simply made a mistake of law, to wit, Defendant mistakenly believed that they were obligated to provide a "g notice" in accordance

with a formal pleading. It should be noted that the bona fide error defense as pronounced in §1692k(c) does not apply to a debt collector's mistaken interpretation of the federal law of the FDCPA. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA,* 130 S.Ct. at 1608. Three principles used to support the holding in *Jerman* lead to the conclusion that section 1692k(2) does not encompass mistakes based on state law. They are that: (1) " 'ignorance of the law will not excuse any person, either civilly or criminally,' " *Id.* at 1611; (2) "when Congress has intended to provide a mistake-of-law defense to civil liability, it has often done so more explicitly than" in section 1692k(c), *Id.* at 1612; and (3) section 1692k(c)'s use of the term "procedures" indicates a mechanical kind of process whereas "legal reasoning is not a mechanical or strictly linear process." *Id.* at 1614.

A third possibility is that Defendant is attempting to convince (the least sophisticated) consumers that Defendant has in some way complied with the provisions of §1692g. In some instances, a consumer will in fact inadvertently trigger §1692g by contacting the debt collector after having been served with a foreclosure lawsuit. *See* 15 U.S.C. §1692g (stating that "within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice…"). By including a purported "g notice" as part of the state court lawsuit, Defendant can feign compliance with the FDCPA while putting the onus on consumers to locate learned counsel who is familiar with the intricacies of the Fair Debt Collection Practices Act. **In sum, Defendant cannot put forth a single cognizable reason as to why they have included the so-called "g notice" provision as part of the state court lawsuit.** Consequently, for the reasons stated above, Defendant's Motion to Dismiss Complaint must be denied.

**F.       FDCPA claims are permissive counterclaims and can be filed as separate suits.**

Plaintiff's claim is a permissive counterclaim and can be filed as a separate action. The Eleventh Circuit has adopted the logical relationship test to determine whether a cause of action is a permissive or compulsory counterclaim. *Republic Health Corp. v. Lifemark Hospitals of Florida, Inc.*, 755 F.2d 1453, 1455 (11th Cir. 1985). A logical relationship exists when "the counterclaim arises from the same "aggregate of operative facts" in that the same operative facts serves as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant, in the defendant." *Plant v. Blazer Fin. Servs., Inc. of Georgia*, 598 F.2d 1357, 1361 (5th Cir. 1979) (*quoting Revere Copper & Brass Inc. v. Aetna Cas. & Sur. Co.*, 426 F.2d 709, 715 (5th Cir. 1970)). In *Hart v. Clayton-Parker & Associates, Inc.*, 869 F. Supp. 774, 777 (D. Ariz. 1994), the court found that "every published decision directly addressing the issue in this case has found that FDCPA lawsuits and lawsuits arising from the underlying contractual debt are *not* compulsory counterclaims". (emphasis in original) (*citing Peterson v. United Accounts, Inc.,* 638 F.2d 1134, 1137 (8th Cir.1981); *Ayres v. National Credit Management Corp.,* 1991 WL 66845, at *4 (E.D.Pa. April 25, 1991); *Gutshall v. Bailey and Assocs.,* 1991 WL 166963, at *2 (N.D.Ill. February 11, 1991); *Leatherwood v. Universal Business Service Company,* 115 F.R.D. 48, 49 (W.D.N.Y.1987)). The rationale for these decisions is well stated by the *Ayres* court:

> Although defendants' right to payment from plaintiff is certainly factually linked to the fairness of defendants' collection practices—there being no attempted collection without an alleged debt—a cause of action on the debt arises out of events different from the cause of action for abuse in collecting. The former centers on evidence regarding the existence of a contract, the failure to perform on a contract, or other circumstances leading to the creation of a valid debt. The latter centers on evidence regarding the improprieties and transgressions, as defined by the FDCPA, in the procedures used to collect the debt, regardless of the debt's validity.

1991 WL 66845, at *1.

Furthermore, since FDCPA claims are permissive counter claims, Plaintiff is free to file in a separate suit. Florida case law is clear on this point: "a permissive counterclaim, one "not arising out of the transaction or occurrence," may either be asserted in the same action as a counterclaim, or by "separate action" on the claim." *Orix Capital Markets, LLC v. Park Ave. Associates, Ltd.*, 881 So. 2d 646, 650 (Fla. Dist. Ct. App. 2004) (quoting *Londono v. Turkey Creek, Inc.,* 609 So.2d 14, 19 (Fla.1992)).  Federal case law also recognizes that permissive counterclaims may be filed as separate actions. *See  CIT Grp./Commercial Servs., Inc. v. Prisco*, 640 F. Supp. 2d 401, 410 (S.D.N.Y. 2009) (holding that party's counterclaims relate to various other aspects of the parties' commercial relationship and are therefore permissive counterclaims, which can be asserted in a separate action); *Williams v. Philadelphia Hous. Auth.*, CIV. A. 94-7357, 1996 WL 144430, *4 (E.D. Pa. Mar. 29, 1996) (recognizing party's right to preserve claims and file them in a separate action rather than raise them as permissive counter claims in prior action); *Hydranautics v. FilmTec Corp.*, 70 F.3d 533, 536 (9th Cir. 1995) (recognizing possibility of raising antitrust claims as permissive counterclaims in an infringement action, or in a separate and subsequent action). Plaintiff's FDCPA claim is properly plead as a separate action distinct from Defendant's claim for the alleged debt underlying this suit.

## <u>CONCLUSION</u>

For the reasons discussed above, Defendant's Motion to Dismiss Complaint [DE-8] should be denied.

Respectfully submitted,

SCOTT D. OWENS, P.A.
664 E. Hallandale Beach Blvd.
Hallandale, FL 33009

Tel: 954-589-0588
Fax: 954-337-0666
scott@scottdowens.com

By: *s/Scott D. Owens*
Scott D. Owens, Esq.
Florida Bar No. 0597651


### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 12, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this date via U.S. mail and/or some other authorized manner for those counsel or parties, if any, who are not authorized to receive electronically Notices of Electronic Filing.

SCOTT D. OWENS, P.A.
664 E. Hallandale Beach Blvd.
Hallandale, FL 33009
Tel: 954-589-0588
Fax: 954-337-0666
scott@scottdowens.com

By: *s/Scott D. Owens*
Scott D. Owens, Esq.
Florida Bar No. 0597651